UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA ALGER,

        Plaintiff,

v.

LT NEILSON CHURCH, *et al*.,

        Defendants.

_____/

Case No. 2:24-cv-10316
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF 29)

**I. RECOMMENDATION**:

The Court should **GRANT** Defendants' motion to dismiss (ECF No. 29).

**II. REPORT**

**A. Background**

Plaintiff Joshua Alger filed this action on February 6, 2024, against Defendants Nelson Church, Dalton Dobbs, Michael Olivero, Jon Martii, Kaleb McGill, Dale Fultz, Sean Barker, Dylan Schatz, Larry Flinchum, and William Venegas. Plaintiff asserts a claim under 42 U.S.C. § 1983 for a violation of his Eighth Amendment right to be free from Cruel and Unusual Punishment. His claim arises out of an incident which occurred at the Woodland Correctional Facility ("WCC") on August 17, 2023, when he was told he was being transported.

(ECF No. 1, PageID.4.)  He alleges that he told WCC staff that he was suicidal, not on proper medication, and that he should not be transported in bare feet.  (ECF No. 1, PageID.4.)  According to the complaint, Defendants Church, Schatz, and Venegas were involved in an initial altercation where Plaintiff was required to wear protective mittens and cuffs during transport.  (*Id.*) When Plaintiff "pulled away . . . out of reflex" he was "yanked" out of the transport van and slammed against a wall.  (ECF No. 1, PageID.4.)  Defendants Dobbs, Olivero, Martii, and Fultz then "slammed" him to the ground and put their full weight on his body, causing him injury.  (ECF No. 1, PageID.4.)[1]

In his prayer for relief, he asks the Court to award him "Monetary Relief in the amount of $100,000 for the pain and suffering also the mental anguish, from each Defendant."  (ECF No. 1, PageID.7.)

The case was assigned to Judge Nancy G. Edmunds, who referred the case to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 25, PageID.154.)

---

[1] Plaintiff's complaint also contains allegations regarding an unknown nurse's alleged deliberate indifference to his medical needs (ECF No. 1, PageID.5.), but he did not name a nurse as a defendant in the complaint.

2

Defendants filed the instant motion to dismiss on January 30, 2025. (ECF No. 29.)

**B. Standard**

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations" but must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). To make this determination, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits

attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## C. Discussion

All ten Defendants bring this motion to dismiss, making two arguments. First, Defendants argue that Defendants McGill, Barker, and Flinchum should be dismissed as Plaintiff has not made any allegations against them. Second, Defendants assert that claims asserted against all Defendants in their official capacity should be dismissed based on Eleventh Amendment Immunity. The Court should accept both arguments as well-founded.

### 1. Plaintiff's claims against Defendants McGill, Barker, and Flinchum

#### a. Failure to mention

Defendants first argue that McGill, Barker, and Flinchum should be dismissed from this action. Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The goal of the complaint is to "'give the defendant fair notice of what the … claim is and the grounds upon which it rests[.]'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Defendants assert that Plaintiff's complaint fails to

4

meet that standard against Defendants McGill, Barker, and Flinchum. The Court should agree.

The complaint makes no allegations whatsoever regarding these three Defendants. Other than in the initial section designated for listing the defendants' names (ECF No. 1, PageID.2), their names do not appear anywhere in the body of the complaint. (*Id.*) "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)). Here, Plaintiff's failure to name Defendants McGill, Barker, and Flinchum anywhere in the body of the amended complaint does not give them sufficient "notice of his [or her] alleged wrongdoing." *See Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (2002).

### b. Failure to allege personal involvement

Moreover, Plaintiff brings his claim under 42 U.S.C. § 1983, which requires allegations of personal involvement. "When suing an individual actor . . . for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013). "[I]t is

5

particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Jack-Bey v. Michigan Dep't of Corr.*, No. 1:13CV131, 2014 WL 1255910, at *5 (W.D. Mich. Mar. 26, 2014) (*quoting Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis omitted)).

The lack of any mention of Defendants McGill, Barker, and Flinchum means that Plaintiff has failed to adequately allege individual involvement, and thus failed to state a claim against him upon which relief may be granted. *See Frazier v. Michigan*, 41 Fed. Appx. at 764 (6th Cir. 2002) ("Frazier's complaint contained no specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights. Moreover, Frazier failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights."); *see also Vartinelli v. Aramark Corr. Servs., LLC,* No. 18-CV-10964, 2019 WL 1402653, at *8 (E.D. Mich. Mar. 28, 2019), *aff'd*, 796 F. App'x 867 (6th Cir. 2019) ("Plaintiffs' Complaint throughout speaks collectively of the conduct of the 'Defendants' and there are no allegations specifically related to any personal involvement of any of the individual Defendants . . . [but,] '[i]n order for liability to attach to any of these supervisors, Plaintiff must prove that they did more than play a passive role in the

alleged violations or show mere tacit approval of the goings on. Plaintiff must show that the supervisors somehow encouraged or condoned the actions of their inferiors.'") (quoting *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)).

Because Plaintiff's complaint fails to allege any facts detailing any personal involvement of Defendants McGill, Barker, and Flinchum, his complaint does not meet the requirements of Fed. R. Civ. P. 8(a)(2), nor does it state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The Court should thus grant Defendants' motion and dismiss these three Defendants.

### 2. Plaintiff's claims against Defendants in their official capacity

Defendants next argue that any claims brought against them in their official capacities must be dismissed. The Court should agree.

The Eleventh Amendment describes the contours of sovereign immunity, providing that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This means that "[t]he Eleventh Amendment bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages." *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009). These officials include MDOC officials. *McCoy v. State of Mich.*, 369

F. App'x 646, 653 (6th Cir. 2010) ("Because sovereign immunity extends to 'state instrumentalities,' and the MDOC is 'an arm of the State of Michigan,' the MDOC is entitled to sovereign immunity on the § 1983 claim as well." (citations omitted)). The Eleventh Amendment does not bar Plaintiff's action against Defendants in their individual capacities, nor would it bar any action against Defendants in their official capacities with respect to claims for declaratory or injunctive relief, had Plaintiff sought such relief (which he did not). *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 765 (6th Cir. 2010).

Plaintiff's claims against Defendants for money damages in their official capacities are claims against the State of Michigan, and "the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Put another way, "[t]his bar remains in effect when State officials are sued for damages in their official capacity." *Id*. at 169 (internal citation omitted). Thus, the Eleventh Amendment is a bar to Plaintiff's claims for money damages against Defendants in their official capacities.

Plaintiff's prayer for relief contains only a request for money damages and does not seek injunctive or declaratory relief. (ECF No. 1, PageID.7.) As such, the claims against Defendants in their official capacities should be dismissed.

### 3. Plaintiff's response brief

In Plaintiff's response brief, he does not adequately respond to Defendants' arguments and instead relies upon his *pro se* status and his mental illness as justification for his failure to adequately plead his claims. Plaintiff states that he "was unaware that injunctive relief had to be pleaded in the complaint" and that he is seeking equitable relief in this case. (ECF No. 36, PageID.193)  Plaintiff has not, however, moved for leave to amend his complaint[2] and Plaintiff's operative pleading states only a request for money damages in the prayer for relief. (ECF No. 1, PageID.7)  And given the nature of the factual allegations in this case — asserting an allegation regarding force used against him on a specific occasion — it is unclear what type of injunctive relief he would have sought, if he in fact had pleaded a request for injunctive relief.

---

[2] To the extent Plaintiff's response brief can be interpreted as including a request to amend his complaint, such requests cannot be contained within a response brief. *See* E.D. Mich. LR 7.1(i).  If Plaintiff intended to attempt to amend his complaint, he should have filed a separate motion for leave to amend under Fed. R. Civ. P. 15 and E.D. Mich. LR 15.1.  *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("If plaintiffs believe that they need to supplement their complaint with additional facts to withstand a motion for judgment on the pleadings (or a motion to dismiss), they have a readily available tool: a motion to amend the complaint under Rule 15. *See* Fed. R. Civ. P. 15(a). Plaintiffs cannot, by contrast, amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.").

Plaintiff's response also alleges additional facts and attempts to attach documents and evidence from outside the pleadings to justify his claims against McGill, Barker, and Flinchum, arguing that he can "state right now that [these officers] all abused me or assisted in the abuse, or ordered their subordinates to abuse me." (ECF No. 36, PageID.195.)  But, as Defendants point out, aside from a few inapplicable exceptions, the Court cannot consider matters outside the pleadings when ruling on a motion to dismiss.  *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020).  "If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint."  *Id.* at 484 (quoting *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)).

    a. **Plaintiff's pro se status**

As to Plaintiff's *pro se* status, it is true that the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  "Even pro se complaints must satisfy basic pleading requirements." *Gilmore*, 92 F. App'x at

190 (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented, nor may courts construct the plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.) (internal citations omitted). The complaint, as filed, does not state a claim against Defendants McGill, Barker, and Flinchum and does not seek injunctive relief. As such, Defendants' motion should be granted.

Accordingly, the Court should **GRANT** Defendants' motion to dismiss (ECF No. 29) and dismiss McGill, Barker, and Flinchum from this action, and dismiss all claims brought against Defendants in their official capacity. This would leave claims against Defendants Nelson Church, Dalton Dobbs, Michael Olivero, Jon Martii, Dale Fultz, Dylan Schatz, and William Venegas in their individual capacities.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

11

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**IT IS SO ORDERED.**

Dated: May 30, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE